# LATHROP & GAGE LLP

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/2012
```

BLAINE C. KIMREY
DIRECT LINE: 312.920.3302
EMAIL: BKIMREY@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

100 N. RIVERSIDE PLAZA, SUITE 2100
CHICAGO, ILLINOIS 60606
PHONE: 312.920.3300
FAX: 312.920.3301

March 23, 2012

*Pre-motion conference to be held on 4-16-2012 @ 3:00 pm. Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance.*

*So ordered.*

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 3/23/12

**VIA FACSIMILE TRANSMITTAL (914.390.4278)**

The Honorable Cathy Seibel
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, New York 10601

Re: *Bais Yaakov of Spring Valley v. Alloy, Inc. and Channel One, LLC*
12-CV-00581 (CS) (GAY)

## Pre-Motion Conference Request

Your Honor:

We represent defendants Alloy, Inc., and Channel One, LLC, and are writing to request a pre-motion conference pursuant to the Court's Individual Practices (¶ 2.A.). Defendants' responsive pleading to the Complaint is currently due March 26, 2012 (*see* ECF No. 8). Defendants will move to strike the class allegations and will move to dismiss the Complaint. We understand that this letter will stay our deadline to file the responsive pleading, and that a new deadline will be set at the pre-motion conference.

Plaintiff Bais Yaakov of Spring Valley has sued Channel One (and its parent entity, Alloy[1]) because Channel One (allegedly[2]) sent it 18 faxes between 2008 and 2011. The Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and New York GBL § 396-aa. Both statutes prohibit unsolicited fax advertisements and also require "opt-out" notices in certain circumstances. Both provide for statutory penalties (up to $1,500 per fax in the TCPA and $100 per fax in Section 396-aa).

Plaintiff also asserts these claims on behalf of three putative classes (*see* Compl. ¶¶ 39, 40). Defendants will move to strike the class allegations. An early class

---

[1] Alloy, Inc. is not a proper party, but that issue is not ripe at this juncture.

[2] In this letter, Defendants treat the Complaint allegations (and the faxes attached to the Complaint) as true, merely to reflect their intent to move under Federal Rule of Civil Procedure 12.

Judge Cathy Seibel
March 23, 2012
Page 2

certification determination is critical because of the TCPA's potential to impose devastating damages. For example, at a maximum potential exposure of $1,500 per fax, a TCPA class consisting of only 3,000 faxes would threaten Channel One with a judgment of $4.5 million.

As a matter of law, class actions cannot be maintained in this District for TCPA or NY GBL § 396-aa violations. A New York statute bars class action claims for statutory violations. *See* NY CPLR § 901(b). Although federal question jurisdiction exists for private TCPA lawsuits, *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. __, 132 S. Ct. 740, 753 (2012), the TCPA provides that such suits are allowed only "if otherwise permitted by the laws or rules of court" of the state where the action is filed. *Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 588 (2d Cir. 2011) (citing 47 U.S.C. § 227(b)(3)). In enacting the TCPA, Congress gave states "a fair measure of control over solving the problems that the TCPA creates." *Holster v. Gatco, Inc.*, 618 F.3d 214, 218 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 2151 (2011). "The ability to define when a class cause of action lies and when it does not is part of that control." *Id.* Additionally, a class action cannot be maintained for a violation of New York's Section 396-aa, which provides: "any person who has received a telefacsimile transmission in violation of this section may bring an action *in his own name* to recover *his actual damages* or one hundred dollars, whichever is greater." NY CLS Gen. Bus. § 396-aa(3) (emphasis added). Private actions for violation of the New York statute are thus expressly limited to individual claims (moreover, corporations are not proper plaintiffs in private actions under Section 396-aa).

Additionally, several grounds support outright dismissal, including that the faxes are not "advertisements." Channel One delivers video news content to schools through cost-free services and equipment and is funded entirely by two-minute sponsored segments in its news program. The faxes Plaintiff received either invited schools to sign up for Channel One's cost-free service, or informed schools that Channel One would be participating in national conferences for educators and administrators. The TCPA, however, forbids only "unsolicited advertisements," defined as "any material advertising the commercial availability or quality of any property, goods, or services...." 47 U.S.C. § 227(a)(5). Similarly, New York's Section 396-aa bans unsolicited "telefacsimile messages promoting goods or services for purchase by the recipient of such messages." NY CLS Gen. Bus. § 396-aa. The faxes Plaintiff received did not promote goods or services for purchase, and are thus not actionable under either statute. *See* In Re Rules and Regulations Implementing The Telephone Consumer Protection Act of 1991; Junk Fax Prevention Act of 2005, 71 Fed. Reg. 25967-01, 25973 May 3, 2006); *N.B. Indus., Inc. v. Wells Fargo & Co.*, 2012 WL 32125, *1 (9th Cir. Jan. 6, 2012).

Plaintiff also seeks recovery for the alleged failure to include an "opt-out" notice. However, the TCPA's opt-out notice requirement does not create a private action. *See* 47

Judge Cathy Seibel
March 23, 2012
Page 3

U.S.C. § 227(d); 47 U.S.C. § 227(b)(2)(D)(vi); *see also Klein v. Vision Lab Telecommunications, Inc.*, 399 F. Supp. 2d 528, 540 (S.D.N.Y. 2005). Courts have also held that an opt-out notice is not required when a fax was sent with the recipient's approval. *See Nack v. Walburg*, 2011 WL 310249, *1 (E.D. Mo. Jan. 28, 2011). In any case, many of the faxes (but not all of them) contained an opt-out notice, providing the option to return the fax or call a toll-free number, thus complying with the TCPA and Section 396-aa.

Finally, the claims as to 17 of the 18 purported facsimiles attached to the Complaint are time-barred because New York's one-year statute of limitations for invasion of privacy claims, *see* NY CPLR § 215(3), or for actions to enforce a penalty created by statute and given wholly or partly to any person who will prosecute, *see id.* § 215(4), should apply to claims under the TCPA and Section 396-aa (which both sound in privacy and provide a private right of action for statutory penalties). Because the Complaint pleads these 17 faxes outside the applicable statute of limitations, claims as to those faxes should be dismissed, with prejudice.

Please let us know if we can answer any questions. We are simultaneously serving this letter by facsimile and e-mail to Plaintiff's counsel Aytan Bellin.

Very truly yours,

LATHROP & GAGE LLP

By: _____
Blaine C. Kimrey
(*pro hac vice application forthcoming*)

BCK:llr

cc: Aytan Bellin, Esq. (counsel for Plaintiff)
Suzanna Morales, Esq.
Jeffery S. Davis, Esq. (*pro hac vice application forthcoming*)

# LATHROP & GAGE LLP

100 N. RIVERSIDE PLAZA, SUITE 2100
CHICAGO, ILLINOIS 60606
TELEPHONE 312.920.3300
FAX 312.920.3301

## FACSIMILE TRANSMISSION

**DATE:** March 23, 2012              **MATTER NO.:** 524684

**To:**

| NAME: | FAX NO.: | PHONE NO.: |
|---|---|---|
| The Honorable Cathy Seibel | 914.390.4278 | |
| Aytan Bellin, Esq. | 212.571.0284 | |

**FROM:** Blaine C. Kimrey       **PHONE:** 312.920.3302

**RE:**

| NUMBER OF PAGES WITH COVER PAGE: | 4 | |
|---|---|---|

**Message:**

| CALIFORNIA | COLORADO | ILLINOIS | KANSAS | MASSACHUSETTS | MISSOURI | NEW YORK |
|---|---|---|---|---|---|---|

**CONFIDENTIALITY NOTE:**

The information in this facsimile message ("fax") is sent by an attorney or his/her agent, is intended to be confidential and for the use of only the individual or entity named above. The information may be protected by attorney/client privilege, work product immunity or other legal rules. If the reader of this message is not the intended recipient, you are notified that retention, dissemination, distribution or copying of this fax is strictly prohibited. If you receive this fax in error, please notify us immediately by telephone and return it to the address above. Thank you.

If you have problems receiving this facsimile, please call  **Laura Rast, 312.920.3342**  .