# BELLIN & ASSOCIATES LLC

ATTORNEYS-AT-LAW
85 MILES AVENUE
WHITE PLAINS, NEW YORK 10606
TEL (914) 358-5345
FAX (212) 571-0284

AYTAN Y. BELLIN*
ANNE E. HARNEST†

*ALSO ADMITTED IN NJ
†ALSO ADMITTED IN CT

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/12
```

April 6, 2012

BY FAX: (914) 390-4278
Hon. Cathy Seibel, U.S.D.J.
United States District Court, SDNY
300 Quarropas Street
White Plains, NY 10601

  Re: *Bais Yaakov of Spring Valley v. Alloy, Inc. et al.*, 12 Civ. 581 (CS)(GAY)

Your Honor:

  I am the attorney for the Plaintiff Bais Yaakov of Spring Valley ("Plaintiff") and the proposed classes in the above-entitled action. I am writing this letter in response to Defendants' March 23, 2012 letter requesting a pre-motion conference concerning a motion to strike the class allegations in the complaint and to dismiss. For the reasons that follow, Defendants' motions would be without merit.

  Citing *Giovanniello v. ALM Media, LLC*, 660 F.3d 587 (2nd Cir. 2011) and *Holster v. Gatco, Inc.*, 618 F.3d 214 (2nd Cir. 2010), *cert. denied*, 131 S. Ct. 2151 (2011), Defendants argue that class certification and statute of limitations determinations of private TCPA cases in federal courts are controlled by state law. Defendants contend that under New York law, the statute of limitations for private TCPA actions is one year and that New York law forbids the maintenance of class actions for statutory damages. However, subsequent to *Giovanniello* and *Holster*, the Supreme Court decided in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012) that TCPA cases in federal court are controlled by federal law not by state law or state rules of court. *Id.* at 751 & n.13. The Supreme Court specifically stated that it was

> not persuaded [that in passing the TCPA] that Congress sought only to fill a gap in the States' enforcement capabilities. Had Congress so limited its sights, it could have passed a statute providing that out-of-state telemarketing calls directed into a State would be subject to the laws of the receiving State. ***Congress did not enact such a law. Instead, it enacted detailed, uniform, federal substantive prescriptions and provided for a regulatory regime administered by a federal agency. See 47 U.S.C. 227. TCPA liability thus depends on violation of a federal***

1

*statutory requirement or an FCC regulation, §§ 227(b)(3)(A), (c)(5), **not on a violation of any state substantive law.***

*Mims*, 132 S. Ct. at 751 (emphasis added). The Court also specifically eschewed the use of state laws or state rules of court in private TCPA causes of action in federal court stating that "Congress' design would be less well served if consumers had to rely on 'the laws or rules of court of a State,' § 227(b)(3), or the accident of diversity jurisdiction, to gain redress for TCPA violations." *Mims*, 132 S. Ct. at 751. Accordingly, the holdings of *Giovanniello* and *Holster* are inconsistent with *Mims* and may not be followed. *See, e.g., Wojchowski v. Daines*, 498 F.3d 99, 106 (2nd Cir. 2007)(affirming District Court's ruling that the Second Circuit's otherwise controlling decision could not be followed, as it was based on a statutory interpretation that was inconsistent with subsequent decision of the Supreme Court); *Hawk Valley, Inc. v. Taylor*, 2012 WL 1079965, *11-*12 (E.D. Pa. 2012)(holding that *Giovanniello* is no longer good law in light of *Mims*).[1] Accordingly, the TCPA's statute of limitations is four years as provided by 28 U.S.C. § 1658 and class certification determinations of private TCPA claims in federal courts are controlled by Fed. R. Civ. P. 23, which permits class actions for statutory damages.

Moreover, the language Defendants point to in GBL § 396-aa — that a person "may bring an action **in his own name** to recover **his actual damages** or one hundred dollars" — does not in any way prohibit class actions under that statute. The language neither mentions class actions nor refers to CPLR § 901, which is New York's class action statute. Moreover, New York courts have routinely permitted class actions to go forward for violations of statutes that contain the identical language. *See, e.g., Broader v. MBNA Corp.*, 722 N.Y.S.2d 524, 526-527 (App. Div. 2001)(upholding class certification of claims under GBL § 349 which contains identical language). This is completely consistent with New York's very liberal policy on permitting class actions. *See City of New York v. Maul*, 903 N.Y.S.2d 304, 310 (N.Y. 2010). Finally, under recent Supreme Court precedent, the language at issue in GBL § 396-aa, whose intention regarding class actions is, at the very least, unclear, is insufficient to overcome the use Fed. R. Civ. P. 23 to determine whether class certification of GBL § 396-aa in federal court is appropriate. *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437-1448 (2010)(Rule 23 rather than state law controls whether cases concerning violations of state law may be brought as class actions in federal court); *id.* at 1457, 1460 (Stevens, J., concurring)("The mere possibility that a federal rule would alter a state-created right is not sufficient. There must be little doubt.").

Defendants' unsupported assertion that corporations may not bring GBL § 396-aa claims is completely contrary to the language and purpose of the statute which, according to its legislative history, was to protect businesses and government from having their facsimile machines interfered with by unsolicited fax advertisements. Moreover, even if the language of GBL § 396-aa read in isolation could be interpreted the way Defendants suggest, that would not

---

[1] In any event, even if *Giovanniello* were still good law, which it is not, New York applies a four year statute of limitations to TCPA claims, as *Giovanniello* itself recognized. *See Giovanniello*, 660 F.3d at 595-596 (citing *Stern v. Bluestone*, 850 N.Y.S.2d 90, 96 (App. Div. 2008), *rev'd on other grounds*, 883 N.Y.S.2d 782 (N.Y. 2009)). Indeed, *Stern* specifically rejected the argument set forth by Defendant here that NY CPLR 215(4)'s one year statute of limitations applies to the TCPA. *See Stern*, 850 N.Y.S.2d at 96.

2

support Defendants' interpretation of the statue here. That is because, as the New York Court of Appeals recently pointed out regarding interpretations of New York statutes, "even when the plain meaning [of a statute does] not produce absurd results but merely an unreasonable one plainly at variance with the policy of the legislation as a whole this Court has followed that purpose, rather than the literal words." *New York State Psychiatric Association v. New York State Dept. of Health*, ___ N.Y.S.2d ___, 2012 WL 1032731, *___ (N.Y. March 29, 2012)(internal quotation marks and citations omitted). *Accord, e.g., Uniformed Firefighters Association v. Beekman*, 438 N.Y.S.2d 746, 749 (N.Y. 1981)(Because legislative history of a statute made clear the policy behind the legislation as a whole, the Court declined to interpret the statute in accordance with its plain meaning which would have contradicted that policy.). Accordingly, because Defendants' interpretation of GBL § 396-aa to exclude corporations as possible plaintiffs is plainly inconsistent with the statute's purpose, it is incorrect.

The fact that Defendants' fax advertisements advertised free goods and/or service is of no moment as the FCC has ruled that "facsimile messages that promote goods or services even at no cost, such as free magazine subscriptions, catalogs, or free consultations or seminars, are unsolicited advertisements under the TCPA's definition." *Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 21 F.C.C.R. 3787, 3814, ¶ 52 (April 6, 2006). Moreover, Defendant admits that the services it offers are funded by two-minute sponsored segments in its news programs, i.e., two minutes of advertisements of commercially available products and services from sponsors, and therefore it is clear that the free news programs are part of an overall marketing campaign to sell property, goods, or services, which also leads to TCPA liability. *Id.* That also satisfies GBL § 396-aa's requirement that the faxes promote goods or services for purchase.

The failure of the faxes at issue to contain an opt-out notice that satisfies *all* of the requirements of the TCPA and the regulations promulgated thereunder is plainly actionable as numerous courts have held, *see, e.g., Ketch, Inc. v. Heubel Material Handling Inc.*, 2011 WL 1807329, *1 (W.D. Okla. May 6, 2011); *Medical West Ballas Pharmacy, Ltd v. Anda, Inc.*, 2011 WL 1481007 (Mo. Cir. April 11, 2011), and as the FCC recently stated in an amicus brief to the Eighth Circuit (located on Pacer in the case of *Nack v. Walburg*, No. 11-1460) urging reversal of the *Nack* case relied on by Defendants in their letter to this Court. Of course, this Court should defer to the FCC's well-reasoned position in its amicus brief. *See Talk Am. Inc. v. Mich. Bell Tel. Co.*, 131 S. Ct. 2254, 2261 (2011).

Finally, the statute of limitations for GBL§ 399-p claims is 3 years as provided by NY CPLR 214(2), which "prescribes a three-year Statute of Limitations for 'an action to recover upon a liability, penalty or forfeiture created or imposed by statute,'" *Aetna Life & Cas. Co. v. Nelson*, 501 N.Y.S.2d 313, 315 (N.Y. 1986)(quoting NY CPLR 214(2)); *Banca Commerciale Italiana v. Northern Trust Intern. Banking Corp.*, 160 F.3d 90, 94-95 (2nd Cir. 1998), and not the one year period provide for by NY CPLR 215(4), which only applies to cases when plaintiffs are standing in the shoes of the government to collect a liability, penalty or forfeiture. *See Matter of New York State Assn. of Plumbing-Heating- Cooling Contrs. v. Eagan*, 493 N.Y.S.2d 112, 114 (N.Y. 1985); *Clowes v. Pulver*, 691 N.Y.S.2d 649, 652-653 (App. Div. 1999).

Respectfully,
/s/ Aytan Y. Bellin

3

# BELLIN & ASSOCIATES LLC
## ATTORNEYS AT LAW
85 MILES AVENUE
WHITE PLAINS, NEW YORK 10606
914.358.5345 TELEPHONE
212.571.0284 FACSIMILIE

### FACSIMILE TRANSMITTAL SHEET

| TO | FROM: |
|---|---|
| Hon. Cathy Seibel, U.S.D.J. <br> Blaine C. Kimrey, Esq. | Aytan Y. Bellin, Esq. |
| COMPANY <br> U.S. District Court, SDNY <br> Lathrop & Gage LLP | DATE <br> 4/6/2012 |
| FAX NUMBER <br> (914) 390-4278 <br> (312) 920-3301 | TOTAL NO OF PAGES INCLUDING COVER <br> 4 |
| PHONE NUMBER | SENDER'S REFERENCE NUMBER |
| RE <br> Bais Yaakov of Spring Valley v. Alloy, Inc. et al., 12 CV 581 (CS)(GAY) | YOUR REFERENCE NUMBER |

☐ URGENT　☐ FOR REVIEW　☐ PLEASE COMMENT　☐ PLEASE REPLY　☐ PLEASE RECYCLE

NOTES/COMMENTS

Your Honor:

    I am the attorney for the Plaintiff and the proposed classes in the above-listed case. Attached please find a letter responding to Defendants' March 23, 2012 request for a pre-motion conference.

Respectfully,

Aytan Y. Bellin