# LATHROP & GAGE LLP

BLAINE C. KIMREY
DIRECT LINE: 312.920.3302
EMAIL: BKIMREY@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

100 N. RIVERSIDE PLAZA, SUITE 2100
CHICAGO, ILLINOIS 60606
PHONE: 312.920.3300
FAX: 312.920.3301

September 25, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/26/12

*VIA FACSIMILE TRANSMITTAL (914.390.4278)*

The Honorable Cathy Seibel
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, New York 10601

Re: *Bais Yaakov of Spring Valley v. Alloy, Inc. and Chanel One, LLC*
12-CV-00581 (CS) (GAY)

Your Honor:

On behalf of the defendants, I am writing to respond to Plaintiff's September 20, 2012 letter informing the Court of *Bank v. Spark Energy Holdings, LLC*, 2012 WL 4097749 (S.D. Tex. Sept. 13, 2012). The decision is irrelevant because:

- The defendant in that case claimed that New York substantive law applied in light of *diversity jurisdiction*. 2012 WL 4097749, * 2. That is not our argument. We acknowledge the Court has federal question jurisdiction. The TCPA, however, authorizes lawsuits only "if otherwise permitted by the laws or rules of a State. . . ." 47 U.S.C. § 227(b)(3). It is the TCPA, via its incorporation of NY CPLR § 901(b), that prevents this case from proceeding as a putative class action. The *Bank* court did not address that argument.

- The *Bank* decision, like all the other district court decisions cited by Plaintiff after briefing on the defendants' motion to dismiss/strike had closed, is not binding on this Court (and even if it were, it does not address the defendants' argument in this case).

- Plaintiff continues to ignore binding Second Circuit precedent on this point. *See Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 591-92 (2d Cir. 2011) ("Indeed, as we recently stated, the 'otherwise permitted' provision is 'a delegation to Congress to the states of considerable power to determine which causes of action lie under the TCPA.'") (*quoting Holster v. Gatco, Inc.*, 618 F.3d 214 (2d Cir. 2010), *cert. denied*, 131 S.Ct. 2151 (2011)). It is true these cases preceded the Supreme Court's decision in *Mims*. *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 753 (2012). *Mims*, however, narrowly held that federal question jurisdiction exists over TCPA claims. *Mims* did not overturn Second Circuit authority holding that TCPA claims cannot proceed as class actions in New York federal courts.

The Honorable Cathy Seibel
September 25, 2012
Page 2

- The plaintiff in *Giovanniello* sought reconsideration of the Second Circuit's rationale in light of *Mims*. *See Giovanniello v. ALM Media, LLC*, No. 10-3854 (2d Cir.) Order (ECF No. 117). The Second Circuit rejected that request. *Id.* Not so coincidentally, the lawyer who represented the plaintiff (himself) in the *Bank* case (Todd C. Bank) also is counsel for the plaintiff in the *Giovanniello* case. He currently is seeking *certiorari* from the U.S. Supreme Court in *Giovanniello*. *See* Supreme Court Docket No. 11-1411, available at http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/11-1411.htm. The briefing on the petition for *certiorari* was distributed for conference on September 24, 2012. A decision on the petition for *certiorari* presumably soon will follow.

- *Giovanniello* and its rationale still stand. As such, this case should not proceed as a putative class action.

Sincerely,

LATHROP & GAGE LLP

By: _____
Blaine C. Kimrey

BCK
cc: Aytan Bellin, Esq. (counsel for Plaintiff)
Suzanna Morales, Esq.
Jeffery S. Davis, Esq.

# LATHROP & GAGE LLP

100 N. RIVERSIDE PLAZA, SUITE 2100
CHICAGO, ILLINOIS 60606
TELEPHONE 312.920.3300
FAX 312.920.3301

## FACSIMILE TRANSMISSION

**DATE:** September 25, 2012        **MATTER NO.:** n/a

**To:**

| NAME: | FAX NO.: | PHONE NO.: |
|---|---|---|
| The Honorable Cathy Seibel | 914.390.4278 | |

**FROM:** Blaine C. Kimrey        **PHONE:** 312.920.3302

**RE:**

| NUMBER OF PAGES WITH COVER PAGE: 3 | |
|---|---|

**Message:**

CALIFORNIA    COLORADO    ILLINOIS    KANSAS    MASSACHUSETTS    MISSOURI    NEW YORK

**CONFIDENTIALITY NOTE:**

The information in this facsimile message ("fax") is sent by an attorney or his/her agent, is intended to be confidential and for the use of only the individual or entity named above. The information may be protected by attorney/client privilege, work product immunity or other legal rules. If the reader of this message is not the intended recipient, you are notified that retention, dissemination, distribution or copying of this fax is strictly prohibited. If you receive this fax in error, please notify us immediately by telephone and return it to the address above. Thank you.

If you have problems receiving this facsimile, please call _____.