UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**BAIS YAKOVOF SPRING VALLEY,** on behalf of itself and all others similarly situated**,**

                Plaintiff,

      -vs.-

**ALLOY, INC. and CHANNEL ONE, LLC,**

                Defendants.

12 CV 581 (CS)(GAY)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THIS COURT'S DENIAL OF DEFENDANTS' REQUEST FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND A STAY**

BELLIN & ASSOCIATES LLC
Attorneys for Plaintiff and the Proposed
    Classes
85 Miles Avenue
White Plains, New York 10606
(914) 358-5345
aytan.bellin@bellinlaw.com

Aytan Y. Bellin, Esq.
    *of Counsel*

**PRELIMINARY STATEMENT**

Plaintiff Bais Yaakov of Spring Valley ("Plaintiff") submits this memorandum of law in opposition to the motion of Alloy, Inc. and Channel One, LLC ("Defendants") for reconsideration of this Court's denial of Defendants' request for certification for interlocutory appeal and a stay. For the reasons that follow, Defendants' motion should be denied.

**ARGUMENT**

In the recent oral argument before this Court, Plaintiff maintained that Defendants' motion pursuant to 28 U.S.C. § 1292(b) and for a stay should be denied because, among other things, at least fourteen post-*Mims* district Courts had held that federal law, including Rule 23 and the federal catch-all statute of limitations, 28 U.S.C. § 1658, rather than state law must be applied to private TCPA actions brought in federal courts. In other words, Plaintiff contended that there was no substantial ground for a difference of opinion on the question of whether federal or state law applied to private TCPA actions brought in federal courts — federal law clearly applied. This Court agreed, even in the face Defendants' argument that at least one District Judge, Judge Kuntz of the Eastern District of New York, had ruled the contrary.

Plaintiff now contends that Judge Kuntz's May 1, 2013 decision to deny reconsideration of his original ruling, *Bank v. Independence Energy Group,* LLC, --- F.Supp.2d ---, 2013 WL 183185 (E.D.N.Y. May 1, 2013), justifies this court's reconsideration of the denial of Defendants' motion pursuant to 28 U.S.C. § 1292(b) and for a stay. In support of their motion for reconsideration, Defendants repeat all of the arguments they made previously to this Court in their initial motion to dismiss and in their motion pursuant to § 1292(b) and for a stay. Defendants' also again maintain that Judge Kuntz's singular decision, contrary to fourteen other district courts throughout the country, demonstrates that there is a substantial basis for a

1

difference of opinion on the issue of whether federal or state law applies to private TCPA actions brought in federal courts. Defendants' arguments are without merit.

It is well settled that the standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *SPGGC, Inc. v. Blumenthal*, 408 F. Supp.2d 87, 91 (D. Conn. 2006)(internal citation and quotation marks omitted). "It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided." *Id.* "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented before the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp.2d 458, 461 (S.D.N.Y. 2001).

In its present motion for reconsideration, Defendants merely rehash all of the arguments they made previously to this Court, including that Judge Kuntz had ruled contrary to the 14 other district Courts throughout the country that have held that federal, rather than state law controls class action and statute of limitations issues in private TCPA actions brought in federal courts. As is clear from the case law cited above, this is not a sufficient basis for granting Defendant's motion for reconsideration.

Defendants appear to claim that Judge Kuntz's latest decision to adhere to his initial opinion is significant because in his latest decision, Judge Kuntz discusses the Supreme Court's opinion in *Mims*. However, Judge Kuntz's latest decision contains the same arguments Defendants already made on their motion to dismiss, which this Court rejected, and which this Court already ruled were not sufficient to show a that there is a substantial basis for a difference of opinion on the issue of whether federal or state law applies to private TCPA actions brought in

federal courts.  Indeed, it is well-settled that a single decision contrary to the decision sought to be certified for interlocutory appeal, is not a sufficient basis to establish a substantial ground for difference of opinion for § 1292(b) purposes.  *See Compania Sudamericana de Vapores S.A. v. Sinochem Tianjinco Co.*, 2007 WL 1002265, *5 (S.D.N.Y. 2007)("Tianjin's argument that a 'substantial ground for difference of opinion' exists is belied by the fact that only one district court opinion [] supports its position."); *SPL Shipping Ltd. V. Gujarat Cheminex Ltd.*, 2007 WL 1119753, *2 (S.D.N.Y. 2007)(one court holding the contrary and one court suggesting the contrary, without so holding, is insufficient to establish a substantial ground for a difference of opinion for § 1292(b) purposes); *Hidalgo-Velez v. San Juan Asset Management, Inc.*, 2013 WL 1089745, *5 (D.P.R. 2013)("one potentially conflicting [court] opinion does not create a 'substantial ground for a difference of opinion' for purposes of § 1292(b)."); *Pacific Employer's Ins. Co. v. Global Reinsurance Corp. of America*, 2010 WL 2376131, *9 (E.D. Pa. 2010)(citation to single contrary decision insufficient to show that a substantial ground for difference of opinion exists); *Yeager's Fuel, Inc. v. Pennsylvania Power & Light Co.*, 162 F.R.D. 482, 489 (E.D Pa. 1995)(same); *Oyster v. Johns Mansville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983)("[a] single [contrary] case demonstrates that while there may be grounds for difference of opinion, they are not, however, *substantial* [for the purposes of § 1292(b)]." [emphasis in original]); *Head v. Farm Bureau General Insurance Co. of Mich.*, 2005 WL 2173568, *5 n.1 (E.D. Mich. 2005)(citation to single contrary decision insufficient to show that a substantial ground for difference of opinion exists).  That is especially true in this case where this Court's opinion is in complete accord with 14 post-*Mims* district court cases and Judge Kuntz is the only Judge in the entire country to have ruled to the contrary.  Accordingly, Defendants' motion for reconsideration should be denied in its entirety.

## **CONCLUSION**

For the above-stated reasons, Defendants' motion for reconsideration should be denied in its entirety.

Dated: White Plains, New York
       May 6, 2013

Respectfully submitted,

**BELLIN & ASSOCIATES LLC**

By: /s/ Aytan Y. Bellin
Aytan Y. Bellin, Esq.
85 Miles Avenue
White Plains, New York 10606
(914) 358-5345
(212) 571-0284 (fax)

*Attorneys for Plaintiff Bais Yaakov of Spring Valley and the Proposed Classes*

4